UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 09-20930-CIV-COOKE/BANDSTRA

COURTNEY LAWRENCE,

       Plaintiff,

v.

ROYAL CARIBBEAN
CRUISES, LTD,

       Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on Plaintiff's Motion for Remand (D.E. 4) filed on May 8, 2009. On July 13, 2009, this motion was referred to United States Magistrate Judge Ted E. Bandstra by the Honorable Marcia G. Cooke for a report and recommendation pursuant to 28 U.S.C. § 636(b). Having considered this motion, the response and reply thereto, the court file and applicable law, the undersigned respectfully recommends that Plaintiff's Motion for Remand be GRANTED for reasons explained below.

## BACKGROUND

On or about September 16, 2008, Courtney Lawrence ("plaintiff"), commenced this action in the Eleventh Judicial Circuit Court of the State of Florida, in and for Miami-Dade County, seeking damages and other relief against Royal Caribbean Cruises, Ltd. ("defendant") arising out of alleged injuries he sustained during the course of his employment as a seafarer aboard defendant's cruise ship *Voyager of the Seas*. In essence, plaintiff's complaint alleges that he sustained injuries to his hands and writs while

performing his assigned duties as an assistant cook.  Specifically, plaintiff alleges that in October 2005, he was ordered to go to the storeroom to retrieve a large assortment of produce and then return the produce to the freezers in the main galley.  During the process of entering the galley freezers, plaintiff injured his hands and wrists while maneuvering a fully loaded trolley of produce over a raised threshold located on the floor entrance to the freezers.  See Cpt., ¶ 15 (D.E. 1).  Plaintiff further alleges that defendant aggravated his injuries by failing to provide proper medical treatment.  Cpt., ¶¶ 17-24.  Plaintiff underwent three surgeries on his hands and is now permanently disabled.  Cpt., ¶27.  Based on the foregoing and other allegations, plaintiff's complaint raises claims against defendant for Jones Act negligence (Count I), unseaworthiness (Count II), maintenance and cure (Count III) and Jones Act negligence [failure to treat], unearned wages (Count V) and overtime wages (Count VI) .

Plaintiff signed an Employment Agreement with defendant on August 21, 2005, which incorporated the terms of a Collective Bargaining Agreement.  The Collective Bargaining Agreement contained an arbitration clause pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Award ("the Convention"). See  9 U.S.C. § 202.

The parties actively litigated this case in state court since the filing of the complaint on September 21, 2008.  Specifically, defendant responded to the complaint by filing a motion to dismiss and/or in the alternative for a more definite statement on October 15, 2008, essentially arguing that plaintiff's allegations failed to properly plead the alleged claims.  See D.E. 1, pgs. 62-64.  Upon the parties' agreement, defendant's motion to

Case 1:09-cv-20930-MGC   Document 21   Entered on FLSD Docket 10/06/2009   Page 3 of 7

dismiss was denied on November 24, 2008.

Thereafter, the parties   engaged in discovery which included defendant propounding its first request for production and first set of interrogatories to plaintiff, as well as an additional maintenance and cure interrogatory, a request for production and an unearned wage interrogatory.  On December 11, 2008, defendant filed its answer to plaintiff's complaint, essentially denying all allegations and raising twenty-five affirmative defenses.  On January 29, 2009, plaintiff served defendant with discovery comprised of a request for production, request for admissions and interrogatories.

On April 7, 2009, plaintiff served his notice for jury trial, advising that the case was at issue and ready for an estimated five day trial.  On April 8, 2009, the state court issued its Order Setting Cause for Jury Trial, Pre-Trial Conference and Pre-Trial Instructions, setting this case for the four-week trial period commencing July 13, 2009. See D.E. 4, Exh. B-12.

Also on April 8, 2009, defendant removed the case to this Court pursuant to the Convention on the basis that this is an action arising under the laws of the United States and relating to an arbitration agreement. See 9 U.S.C. §§ 202 et seq.

On May 8, 2009, plaintiff filed the instant motion to remand, arguing that defendant has waived any rights it may have had to arbitrate by engaging in activities inconsistent with a right to arbitrate, i.e., by engaging in litigation and discovery in the state court proceedings. Plaintiff further argues that the maintenance and cure claims are not subject to removal based on the subject arbitration agreement because these claims are not part of a seaman's contract of employment, but rather a part of the employment relationship

3

that cannot be contracted away.

## FINDINGS AND CONCLUSIONS

1. Waiver of arbitration

Plaintiff primarily argues that defendant waived any right it may have had to claim entitlement to arbitration at this stage of the proceedings by previously engaging in activities inconsistent with the right to arbitration thereby prejudicing plaintiff in the process. Specifically, plaintiff argues that defendant's litigation of this action in state court for approximately seven months coupled with its engagement in significant discovery and an impending trial constitutes a waiver of its right to enforce the purported arbitration agreement contained in the collective bargaining agreement.

The right to arbitration, like any other contract right, can be waived. See Miller Brewing Co. v. Fort Worth Distributing Co., 781 F.2d 494, 497 (5th Cir. 1986). A waiver of the right to arbitration is appropriate where the court finds, after reviewing the "totality of the circumstances" that a party "has acted inconsistently with the arbitration right." See S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir.1990) (internal quotations omitted). In S & H Contractors, the Eleventh Circuit found that a party may waive its right to arbitration after it "substantially invokes the litigation machinery prior to demanding arbitration ..." Id. Thus, the court found that the plaintiff in S & H Contractors had waived its right to arbitration after litigating for eight months following the filing of the complaint. See also Morewitz v. West of England Ship Owners Mut. Prot. & Indemn. Assoc., 62 F.3d 1356, 1366 (11th Cir.1995) (finding that a party waives the right to arbitration when it participates in litigation "to a point inconsistent with an intent to arbitrate"

4

such that the other side is prejudiced). In determining whether the other party has been prejudiced, courts may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process. S& H Contractors, 906 F.2d at 1514, citing Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396, 399 (5th Cir. 1989). The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration. See Miller Brewing Co. v. Fort Worth Distributing Co. 781 F.2d at 497. However, "[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof." Belke v. Merrill Lynch, Pierce, Fenner & Smith, 693 F.2d 1023, 1025 (11th Cir. 1982).

Reviewing the "totality of the circumstances" here, the undersigned finds that plaintiff has met its burden of establishing that defendant's conduct in state court constitutes a waiver of its right to arbitration. In so finding, the undersigned notes that defendant actively litigated this case in state court for seven months and then, coincidently, filed its notice of removal on the same date the state court entered its order setting this cause for jury trial. Moreover, defendant served requests for production of documents requesting twenty-nine categories of items to be produced by plaintiff, and also served interrogatories seeking plaintiff's answers to more than thirty interrogatories, including subparts. Defendant also served a discovery request entitled First Maintenance and Cure Interrogatory and Request for Production, and an Unearned Wage Interrogatory, all relating to the merits of plaintiff's claims. In addition, plaintiff's discovery requests for documents, admissions and interrogatories have been served. Defendant also filed a motion to dismiss, negotiated an

5

agreed order to resolve that motion and then answered the complaint asserting twenty-five affirmative defenses.  Indeed, defendant references the alleged arbitration agreement in its twenty-first affirmative defense, but took no action to compel such arbitration until it filed a motion to compel arbitration in this Court on April 30, 2009. [1]

In short, the undersigned concludes that defendant's active participation in state court for seven months coupled with significant discovery on the merits resulted in prejudice to plaintiff in terms of delay and incurred litigation expenses.  As a result, the undersigned finds that defendant has waived its right to arbitration.  See Skordillis v. Celebrity Cruises, Inc., 2009 WL 129383 (S.D. Fla. 2009)(cruise line waived right to arbitration after litigating in state court for fifteen months); Tripledeck, Inc. v. Creole Yacht Charters Ltd., 2006 WL 3507971, at *1 (S.D. Fla. Dec.5, 006) (plaintiff waived right to arbitration after litigating case for over a year).  Accordingly, the undersigned recommends that this case be remanded to the state court for all further proceedings.[2]

## RECOMMENDATION

For all the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Remand be GRANTED.

---

[1]Defendant's motion to compel arbitration has not been referred to the undersigned and, thus, is not addressed herein.

[2]In view of the foregoing recommendation, the undersigned finds it unnecessary to address plaintiff's remaining grounds for remand and related issues concerning plaintiff's maintenance and cure claims.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Marcia G. Cooke, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. sec. 636(b)(1)( c); United States v. Warren, 687 F.2d 347 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983); Hardin v. Wainwright, 678 F.2d 589 (5th Cir. Unit B 1982); see also Thomas v. Arn, 474 U.S. 140 (1985).

RESPECTFULLY SUBMITTED at Miami, Florida this ⬚ day of October, 2009.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
Counsel of record